IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tramaine E. Martin,
    Plaintiff

v.      Case No. 2:08-cv-1159

Dr. I Gujral, *et al.*,      Judge Michael H. Watson
    Defendants

**ORDER**

Plaintiff Tramaine E. Martin, a former state prisoner, brings this action alleging that defendants Dr. I. Gujral ("Gujral"), Medical Director for BeCL's Inmate Health Services, and Dr. A. Phemester ("Phemester"), BeCL's Nurse Practitioner, violated his Eighth Amendment protection from cruel and unusual punishment by depriving him of adequate care, acting indifferently towards his medical needs, and denying him access to a qualified healthcare staff to treat his medical needs. This matter is before the Court on Magistrate Judge Abel's June 12, 2009 Report and Recommendation that defendants' April 22, 2009 motion to dismiss judgment be granted. No objections have been filed.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants' motion to dismiss. (Doc. 24).

Plaintiff failed to exhaust all administrative remedies prior to filing his claim and 42 U.S.C. § 1997e(a) bars him from bringing an action until he has exhausted all

available administrative remedies. Although Martin filed an informal complaint with the Health Care Administration, he did not file a formal grievance. He claims that he did not do so because defendants repeatedly pacified him by telling him they would provide him with medical care. Plaintiff stated that he was not dissatisfied with the resolution of his informal complaint and that his action against Defendants was for the continuous violation of his civil rights.

By his own admission, Plaintiff, prior to filing his complaint, failed to exhaust all available administrative remedies and does not provide a legitimate reason for not doing so. Even if defendants were pacifying him with promises they did not intend to keep, plaintiff was required to exhaust all administrative remedies before bringing this action. Plaintiff was not prevented from using the administrative remedies available to him, and he had successfully used it in the past. The record does not indicate that plaintiff was unable, from health problems or otherwise, to exhaust the administrative remedies as evidenced by the action he brought against Defendants *pro se*.

Under the PLRA, 42 U.S.C. § 1997e(a),

> no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The "PLRA's exhaustion requirement applies to all inmates suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). The Supreme Court's recent decision that section 1997e(a) is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 207 (2007), never put in

"question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 204 (*citing Porter*, 534 U.S. at 524).

Ohio provides for an inmate grievance procedure by which inmate grievances are investigated and resolved by an inspector of institutional services. Ohio Admin. Code §5120-9-31(H). It is a three step process: (1) the prisoner must first file an informal complaint within 14 days of the event giving rise to the claim, the complaint must be filed with the director or department most directly responsible for the event; (2) 14 days after a response to an informal complaint or waiver by the responsible prison officials, the inmate may, if he so chooses, file a notification of grievance with the inspector of institutional services to which the inspector will respond; and (3) in the final step, within 14 days of the inspector's response to the inmate's notification of grievance determination, "if the inmate is dissatisfied with the disposition of [his] grievance, [he] may request an appeal from the inspector of institutional services." O.A.C. 5120-9-31(J). Furthermore, the ODRC provides all the proper forms necessary to follow this administrative procedure. *Id.* Only after these three steps have been taken, has an inmate exhausted his administrative remedies.

Prisoners must do more than file an initial grievance to exhaust remedies under 1997e(a). The exhaustion requirement means that all administrative remedies must be exhausted. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). If the grievance is denied initially, the prisoner must, within the time frame required by the administrative regulations, proceed on to the next step of the prison grievance procedure. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). An Ohio prisoner using the grievance remedies available under O.A.C. §5120-9-31 must, within five working days of the

disposition of his grievance, appeal to the Chief Inspector. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); O.A.C. §5120-9-31(H)(8). If he fails to do so, the prisoner has not exhausted his prison administrative remedies as required by §1997e(a). *Freeman*, 196 F.3d at 645.

Because plaintiff did not exhaust all available Ohio administrative remedies pursuant to § 1997e(a) prior to filing his complaint, he is barred from bringing his action against defendants. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants. This action is hereby **DISMISSED**.

_____
Michael H. Watson
United States District Judge